UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Terri Pepper**, | |
| Plaintiff, | Case No. 4:20-cv-2621 |
| v. | |
| **Hard Tack, LLC d/b/a Dealer Renewal Services, Matrix Warranty Solutions, Inc., Matrix Financial Services, LLC, SING for Services, LLC d/b/a MEPCO, and Payment Plans Plus, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Terri Pepper** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Hard Tack, LLC d/b/a Dealer Renewal Services, Matrix Warranty Solutions, Inc., Matrix Financial Services, LLC, SING for Services, LLC d/b/a MEPCO, and Payment Plans Plus, LLC** (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, Telemarketing Sales Rule ("TSR") 16 C.F.R. § 310, *et seq.* and §302.101 of the Texas Business and Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87

1

(2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants conduct business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in The Woodlands, Texas 77354.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Hard Tack, LLC d/b/a Dealer Renewal Services ("DRS") is a business entity with a mailing address at 3300 S. Dixie Hwy, #1-142, West Palm Beach, Florida, 33405.

8. Defendant Matrix Warranty Solutions, Inc. ("MWS") is a business entity with principal place of business and mailing address at 2600 E. Southlake Blvd., Ste. 120-311, Southlake, Texas 76092, and can be served through its registered agent at United Corporate Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701-3136.

9. Defendant Matrix Financial Services, LLC ("MFS") is a business entity with principal place of business and mailing address at 3100 McKinnon Street, Suite 420, Dallas, Texas 75201, and can be served through its registered agent at United Corporate Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

10. Defendant SING for Services, LLC d/b/a MEPCO ("SING") is a business entity with principal place of business and mailing address at 205 North Michigan Avenue, Suite 2200, Chicago, Illinois, 60601, and can be served through its registered agent at Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11. Defendant Payment Plans Plus, LLC ("PPP") is a business entity with principal place of business and mailing address at 3300 S. Dixie Hwy, #200A, West Palm Beach, Florida, 33405 and can be served through its Registered Agent at Registered Agents, Inc., 3030 North Rocky Point Drive, Suite 150A, Tampa, Florida 33607.

12. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

13. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. MWS provides extended warranty services to consumers.

15. To generate business through sales, MWS relies on telemarketing services conducted by third parties.

16. One of MWS's strategies for telemarking involves the use of an automatic telephone dialing system ("ATDS") to solicit business by third parties.

17. MWS also utilizes pre-recorded messages in its telemarketing to solicit business.

18. Beginning on or about February 17, 2020, DSR began calling Ms. Pepper on her cellular phone, 806-683-XXXX, attempting to sell Plaintiff a MWS automobile warranty.

19. Plaintiff never sought information about a motor vehicle warranty and did not consent to the calls from DSR.

20. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

21. Plaintiff's cellular telephone number, 806-683-XXXX has been on the Do Not Call Registry since December 15, 2004.

22.     Despite registration on the Do Not Call Registry, DSR placed calls to Ms. Pepper on MWS's behalf on February 17, 2020, March 10, 2020, March 12, 2020, March 25, 2020, April 7, 2020, April 8, 2020, April 14, 2020 and April 22, 2020.

23.     On each occasion listed above, Ms. Pepper answered the call and heard either a lengthy pause or delay and/or a pre-recorded voice before anyone came on the line, indicating to Ms. Pepper that the call was made using an ATDS.

24.     When Plaintiff spoke with a live individual, she was solicited for a MWS warranty.

25.     Individuals who held themselves out as callers for DRS and/or calling on behalf of MWS include individuals who identified themselves as "Chad" and "Emily."

26.     On April 22, 2020, in order to ascertain who was responsible for the calls, Ms. Pepper provided DSR with her credit card number to facilitate a down payment on a DWS automobile warranty.

27.     Immediately after providing the credit card number, Defendant PPP charged Ms. Pepper's Chase credit card in the amount of $185.00.

28.     On April 24, 2020, Defendant DSR sent correspondence to Ms. Pepper from sales@hardtack.net and provided her with a contract booklet containing information about the MWS warranty she purchased. See Exhibit "A."

29.     The contract booklet attached to the email included a welcome letter, information about the warranty, and a payment plan agreement. See Exhibit "B."

30.     The contract booklet from DRS identified the "Payment Plan Provider" as SING, the "Obligor" as MFS, and the "Administrator" as MWS. See Id.

31. Upon information and belief, Defendants SING, MFS, MWS, and PPP authorized Defendant DRS to solicit and generate prospective customers, and enter into contracts on their behalf with those prospective customers.

32. The actions described herein were in violation of the TCPA, TSR, and Texas Business and Commercial Code.

## COUN T I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

33. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

34. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 15, 2004.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 15, 2004.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFEDANT VIOLATED THE TSR

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. The TSR prohibits telemarketers from initiating any outbound telephone call to a person when that person's telephone number is on the "do not call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services. 16 C.F.R. § 310.4(b)(1)(iii)(B).

37. Plaintiff has been on the Do Not Call Registry since December 15, 2004.

38. Since Plaintiff was on the Do Not Call Registry at the time Defendants placed calls to her, Defendants have violated the TSR.

## COUNT IV
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS AND COMMERICAL CODE

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41. Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

42. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Terri Pepper,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B) ;

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    h.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Terri Pepper,** demands a jury trial in this case.

Respectfully submitted,

Dated: 7/24/2020

/s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Attorney-in-Charge for Plaintiff
Texas Bar No. 24107506
Federal Bar No. 1477508
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com